UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-80800-CV-HURLEY/HOPKINS

**SANCTUARY SURGICAL CENTRE,
INC., et al.,**

    **Plaintiffs,**

v.

**CONNECTICUT GENERAL LIFE
INSURANCE CO., INC., et al.,**

    **Defendants.**
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant's Motion to Dismiss [DE # 12]. For the reasons to follow, the Court will grant Defendant's motion and dismiss Plaintiffs' Complaint without prejudice.

### I.

The essential facts of this case have previously been set forth in *Sanctuary Surgical Centre, Inc. v. United Healthcare, Inc.*, No. 10-cv-81589-DTKH, 2011 WL 2134534 (S.D. Fla. May 27, 2011). In brief, Plaintiffs are four surgical centers and two medical service providers seeking to recover payment of benefits allegedly due under employer health benefits plans.[1] Defendants, Connecticut General Life Insurance Company, Inc., CIGNA Healthcare, Inc., and CIGNA Healthcare of Florida, Inc. (collectively "CIGNA") are the insurers providing and administering coverage under the plans. Plaintiffs performed a procedure known as "manipulation under anesthesia ("MUA") on

---

[1] The patients to whom coverage is allegedly owed assigned their benefits under the plans to Plaintiffs. Compl. ¶ 22 [DE # 1].

approximately 332 patients with CIGNA policies after having received pre-authorization from Defendants. Although Defendants had previously provided coverage for MUAs by sending payment directly to Plaintiffs or the patients, Defendants later denied coverage on the basis that the MUAs were unproven, experimental, investigational, not medically necessary, or otherwise not a covered service under the particular plan at issue[2] and therefore not entitled to coverage.

As in *Sanctuary Surgical Centre, Inc. v. United Healthcare, Inc.*, in the instant case Plaintiffs advance four causes of action:

- wrongful denial of benefits under § 502(a)(1)(B)[3] of ERISA;

- breach of the fiduciary duty of loyalty under § 502(a)(3) of ERISA;

- failure to provide full and fair review pursuant to 29 U.S.C. § 1133; and

- equitable estoppel under the federal common law of § 502(a)(1)(B) of ERISA.

Plaintiffs originally asserted these claims against Defendants and others in *Sanctuary Surgical Centre, Inc. v. United Healthcare, Inc.*, but the Court granted Defendants' motion to sever, and Plaintiff thus re-filed this claim separately against only the CIGNA defendants. *Id.* When granting Defendants' motion to sever, the Court also granted motions to dismiss in light of pleading deficiencies relating to Plaintiffs' failure to cite specific plan terms and provisions. *Id.* In the instant case, Defendants reassert this basis for dismissal and add other arguments that will be discussed and analyzed below.

---

[2] Notably, Plaintiffs' claims arise from a variety of different plans, and the MUAs at issue were administered to treat a variety of different conditions.

[3] The Employee Retirement Income Security Act is codified at 29 U.S.C. § 1001, *et seq.*

II.

This Court possesses federal subject-matter jurisdiction under 28 U.S.C. § 1331 because Plaintiffs' claims arise under ERISA, 29 U.S.C. § 1001 *et seq*. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in the Southern District of Florida.

III.

Granting a motion to dismiss is appropriate when a complaint contains simply "a formulaic recitation of the elements of a cause of action." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). To survive a motion to dismiss, a complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence" in support of the claim and that plausibly suggest relief is appropriate. *Id.* On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party, and all facts alleged by the non-moving party are accepted as true. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986). Mere conclusory allegations, however, are not entitled to be assumed as true upon a motion to dismiss. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1951 (2009). The threshold is "exceedingly low" for a complaint to survive a motion to dismiss for failure to state a claim upon which relief can be granted. *See Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985). Regardless of the alleged facts, a court may dismiss a complaint on a dispositive issue of law. *See Marshall County Bd. Of Educ. v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

  A. *Count One for Wrongful Denial of Benefits*

As was the case when the Court considered Plaintiffs' first complaint in the original action,

the instant Complaint suffers deficiencies warranting dismissal. Specifically, Plaintiffs have not identified the actual plan terms Defendants are supposed to have breached by denying coverage for the MUAs. Defendants have attempted to work around Plaintiffs' failure to plead specific plan terms by providing a sampling of the plans that are involved and arguing that they have not actually breached the terms of those plans. Although it is Plaintiffs' failure to provide the applicable plan terms that forced Defendants to use excerpts from certain plans to frame their arguments, Plaintiffs correctly point out that without the actual plans the Court has no basis to determine whether the excerpts Defendants provided are representative either of the claims relating to all 332 patients or of individual plans when taken as a whole. *See* Pl.'s Mem. in Opp'n to Def.'s Mot. to Dismiss, 7-8 [DE # 17]. Simply put, Plaintiffs have still not sufficiently pleaded the existence of an ERISA plan under which to sue, and the mere fact that they have yet to obtain the policies does not excuse them from this pleading obligation. *See, e.g.*, *In re Managed Care Litig.*, No. 1:00-md-01334-FAM, 2009 WL 742678, *3 (S.D. Fla. Mar. 20, 2009) ("[F]ailure to identify the controlling ERISA plans makes the Complaint unclear and ambiguous. . . . [F]ailure to properly allege the existence of an ERISA plan also makes it impossible for Plaintiffs to sufficiently allege the basis of Defendants' liability under a given plan."); *Forest Ambulatory Surgical Assocs., L.P. v. United Healthcare Ins. Co.*, No. 10-cv-04911-EJD, 2011 WL 2749724, *5 (N.D. Cal. July 13, 2011) ("To state a claim under [§ 1132(a)(1)(B)], a plaintiff must allege facts that establish the existence of an ERISA plan as well as the provisions of the plan that entitle it to benefits.").

The Court is likewise unable to determine whether Plaintiffs have sufficiently alleged the medical necessity of the MUAs which respect to each patient's condition, which both sides seem to agree is a requirement for coverage under all applicable plans, based on the current version of the

4

Complaint. In support of their allegation that the MUAs were in fact medically necessary, Plaintiffs rely principally on the fact that in each case Defendants pre-authorized the procedures. However, the without access to the policies, the Court has no basis to determine the significance of the pre-authorizations. The excerpt dealing with pre-authorizations provided by the parties only establishes that they are a prerequisite to coverage, not that they indicate or guarantee that a procedure is medically necessary and will ultimately be covered. *See* Pl.'s Mem. in Opp'n to Def.'s Mot. to Dismiss, 10 [DE # 17]. This is aside from the issues discussed above regarding the Court's inability to determine whether the excerpts provided are representative of the claims relating to all 332 MUAs.

For these reasons, the Court will grant Defendants' motion to dismiss as to Plaintiffs' first cause of action for wrongful denial of benefits without prejudice to file an Amended Complaint conforming to the legal conclusions set forth in this Order. To sufficiently plead its claims, Plaintiffs must establish the existence of the ERISA plans under which they sue. *See, e.g.*, *Advamced Rehab., LLC v. UnitedHealth Group, Inc.*, No. 10-cv-00263 (DMC)(JAD), 2011 WL 995960, *2 (D.N.J. Mar. 17, 2011) (listing, quoting, and summarizing the health plans under which a class of plaintiffs brought ERISA claims). "A plan is established if a reasonable person 'can ascertain the intended benefits, a class of beneficiaries, the source of financing, and procedures for receiving benefits.'" *Forest Ambulatory*, 2011 WL 2749724 at *2 (quoting *Donovan v. Dillingham*, 688 F.2d 1367, 1373 (11th Cir. 1982)). Having established the plan at issue, Plaintiffs must then identify the plan terms Defendants have breached. In doing so, Plaintiffs must be mindful of their obligation under Rules 8 and 10 of the Federal Rules of Civil Procedure to plead their claims discretely in counts such that dissimilar plan terms and patient conditions that present entirely different factual and legal questions

are not improperly grouped together into a single count.

### B.   Count Two for Breach of Fiduciary Duty

Plaintiffs also assert a cause of action for breach of fiduciary duty based on Defendants' pattern of granting pre-authorizations and then denying coverage. Plaintiffs argue that the pre-authorizations were misleading and therefore in breach of the fiduciary duty of loyalty.

Defendants, meanwhile, move for dismissal of Plaintiffs' cause of action for breach of fiduciary duty on two grounds. First, Defendants contest Plaintiffs' standing to bring the claims arguing that Plaintiffs' allegation that "[e]very patient covered . . . assigned to Plaintiffs benefits to which the patient was entitled under his or her insurance policy, including (but not limited to) the right to receive . . . payments" is insufficient to demonstrate standing to sue for breach of fiduciary duty. In support, Defendants point to a Fifth Circuit case in which the court required the plaintiffs to show that the patients had specifically assigned their right to sue for breach of fiduciary duty even though the plaintiffs had been given standing to sue for payments by statute. *Texas Life Accident, Health & Hops. Servs. Ins. Guar. Ass'n v. Gaylord Entm't Co.*, 105 F.3d 210, 214 (5th Cir. 1997). Plaintiffs respond that *Texas Life* is inapposite because it dealt with assignment by operation of law, whereas in the instant case the patients are alleged to have made explicit assignments to Plaintiffs.

"Like any other contract, the scope of the assignment depends foremost upon the language of the agreement itself." *Via Christi Reg'l Med. Ctr., Inc. v. Blue Cross & Blue Shield of Kan., Inc.*, Nos. 04-1253-WEB, 04-1339-WEB, 2006 WL 3469544, *7 (D. Kan. Nov. 30, 2006). For that reason, in light of Defendants' standing challenge, merely alleging that the patients assigned the right to receive payment from Defendants is inadequate. Before the Court can evaluate what standing the assignments conferred on Plaintiffs, the Court must be able to scrutinize the actual language of the

assignments. As with Plaintiffs' claims for wrongful denial of benefits, the Court is unprepared and unwilling to evaluate these legal issues without access to the fundamental documents supporting the claim. Therefore, the Court will also dismiss Plaintiffs' second cause of action for breach of a fiduciary duty without prejudice.

Defendants also provide a second basis for dismissal of the breach of fiduciary duty claim—specifically, that this claim must fail if the allegations in support of it would also be sufficient to state a cause of action under section 502(a)(1)(B) for wrongful denial of benefits. While it is true that "where Congress elsewhere provided adequate relief for a beneficiary's injury . . . further equitable relief . . . normally would not be 'appropriate,'" *Varity Corp. v. Howe*, 516 U.S. 489, 515 (1996) (quoting ERISA § 502(a)(3)), this rule does not necessarily preclude Plaintiffs from asserting an alternative theory under § 502(a)(3) alongside their claims under § 502(a)(1)(B). While Defendants argue elsewhere that the denial of benefits was wrongful and that they are entitled to payment, the Court interprets the breach of fiduciary duty claim to be independent of whether Defendant's denial of coverage was wrongful. In other words, Plaintiffs' claim is based on the idea that even if they had no benefits due to them under the plan, Defendants breached their fiduciary duties to Plaintiffs by deceptively granting pre-approvals and then not providing coverage.

The Court finds this claim sufficient under § 502(a)(3)'s catchall provision because, while an award of benefits could certainly relieve Plaintiffs' injury, the allegedly misleading conduct Defendants engaged in does not entitle Plaintiffs to a remedy under § 502(a)(1)(B) if the denial of benefits was correct under the plans. *See Jones v. Am. Gen. Life & Accident Ins. Co.*, 370 F.3d 1065, 1073 (11th Cir. 2004). Therefore, in the event that Defendants' denials were appropriate but Defendants engaged in misleading conduct in granting pre-authorizations, Defendants would be

7

without a remedy under § 502(a)(1)(B) and equitable relief under § 502(a)(3) would be appropriate. However, to properly allege this claim, Plaintiffs again rely upon pre-authorizations whose significance the Court has yet to determine. *See* Part III.A. *supra*. Therefore, while the Court would allow a § 502(a)(3) claim like the one asserted by Plaintiffs in the instant case to exist alongside their claims under § 502(a)(1)(B), the claim cannot be predicated on Defendants' pre-authorizations until Plaintiffs explicate the nature and significance of the pre-authorizations. Only then can the Court determine whether denying coverage after having granted a pre-authorization is misleading or disloyal. Plaintiff's allegation that it is "standard industry practice" to rely on such pre-authorizations is insufficient. Compl. ¶ 57 [DE # 1].

    C.    *Count Three for Failure to Provide Full & Fair Review*

As in Part III.A., *supra*, the Court cannot adequately analyze this claim until Plaintiffs have established the existence of an ERISA plan. *See, e.g.*, *In re Managed Care Litig.*, 2009 WL 742678, *3 ("[F]ailure to identify the controlling ERISA plans makes the Complaint unclear and ambiguous. . . . [F]ailure to properly allege the existence of an ERISA plan also makes it impossible for Plaintiffs to sufficiently allege the basis of Defendants' liability under a given plan."). Because Plaintiffs' failure to do so is itself a sufficient basis for dismissal of the claim, the Court will withhold ruling on the other arguments presented in the motion to dismiss relating to this cause of action.

    D.    *Count Four Seeking Equitable Estoppel Under Federal Common Law*

"In addition to the remedies explicitly authorized in Section 502(a)(1)(B), which are akin to common law breach of contract causes of action, [the Eleventh Circuit] has recognized a very narrow common law doctrine under Section 502(a)(1)(B) for equitable estoppel . . . ." *Jones*, 370 F.3d at 1069. This remedy "is available where the plaintiff can show (1) the relevant provisions of the plan

8

at issue are ambiguous, and (2) the plan provider or administrator has made representations to the plaintiff that constitute an informal interpretation of the ambiguity." *Id.* (citing *Kane v. Aetna Life Ins.*, 893 F.2d 1283, 1285-86 (11th Cir. 1990). In the instant case, Plaintiffs have not established the existence of the ERISA plans or provided the relevant terms of these plans, much less having established an ambiguity therein. Plaintiffs attempt to get around this deficiency by again pointing to the pre-authorizations Defendants provided before Plaintiffs performed the MUAs. Plaintiffs argue that an ambiguity is implied simply by the fact that Defendants could have pre-approved the MUAs only to ultimately deny coverage later on. As before, because Plaintiff has not spelled out the significance of the pre-authorizations, the Court cannot look to them to determine the existence of an ambiguity. Plaintiff seems to assume that a pre-authorization is so dispositive a determination of coverage that only an ambiguity in a plan could result in an authorization preceding a denial of coverage. The Court has no basis to imbue the pre-authorizations with such significance. The Court will therefore dismiss Plaintiffs' cause of action for equitable estoppel without prejudice.

### E. *Exhaustion and Futility*

As a final basis for dismissal, Defendants argue that Plaintiffs have insufficiently pleaded exhaustion of administrative remedies, or in the alternative, the futility of those remedies. Although the Court has already determined that Plaintiffs' claims are due to be dismissed, the Court will proceed to address these issues in anticipation of their re-emergence should Plaintiffs file an amended complaint.

"The law is clear in this circuit that plaintiffs in ERISA actions must exhaust available administrative remedies before suing in federal court." *Counts v. Am. Gen. Life & Accident Ins. Co.*, 111 F.3d 105, 108 (11th Cir. 1997). "However, district courts have discretion to excuse the

9

exhaustion requirement when resort to administrative remedies would be futile or the remedy inadequate." *Id.* In the instant case, Plaintiffs attempt the satisfy the exhaustion requirement with the allegation that they "filed all required internal appeals on all denied claims, to their conclusions and exhausted all administrative remedies" and that "[a]ll appeals were denied." Compl. ¶ 25 [DE # 1]. For the purposes of an initial pleading, this allegation, which must be taken as true at this stage, is sufficient. While it is true that an allegation that one has "complied with 'all conditions precedent' or in the alternative that 'such conditions have been waived or excused' does not address the exhaustion requirement," *see, e.g.*, *Variety Children's Hosp., Inc. v. Century Med. Health Plan, Inc.*, 57 F.3d 1040, 1042 n.2 (11th Cir. 1995), Plaintiffs' allegation goes further by specifically stating that they filed "all required internal appeals on all denied claims." Compl. ¶ 25 [DE # 1].

Plaintiffs have also included an alternative allegation that any administrative remedies not taken were futile because of "numerous failed appeals" in which Defendants allegedly took the "inflexible position that [they were] not required to pay for any of the MUAs." Compl. ¶ 26 [DE # 1]. In this respect, Plaintiffs' allegations are insufficient. Futility deals not with a predicted negative outcome of an appeal not taken but with some barrier to the presentation or meaningful review of an appeal. *See, e.g.*, *Perrino v. So. Bell Tel. & Tel. Co.*, 209 F.3d 1309, 1318 (11th Cir. 2000); *see also In re Managed Care Litig.*, No. 1:00-md-01334-FAM, 2011 WL 677369, *6 (S.D. Fla. Jan. 19 2011). Therefore, Plaintiffs' alternative allegation of futility fails as a matter of law.

## IV.

Based on the foregoing, the Court finds sufficient grounds to dismiss each cause of action in the Complaint without prejudice to be re-asserted in a Complaint that sufficiently pleads the existence of an ERISA plan, the relevant provisions of the plans including the significance of any

Order Granting Defendant's Motion to Dismiss
Sanctuary Surgical Centre, Inc. v. Connecticut Gen. Life Ins. Co., Inc.
Case No. 11-80800-CV-HURLEY

pre-authorizations, and all other facts necessary to assert the claims as discussed in this Order. Plaintiffs must also take care not to lump together dissimilar claims into single counts. The Court notes that although this motion to dismiss concerns the original complaint in this action, the Complaint is in actuality an amended version of the original complaint in *Sanctuary Surgical Centre, Inc. v. United Healthcare, Inc.*, which the Court has previously dismissed. The Court will take this fact into account when evaluating Plaintiffs' amended complaint in the instant case, should one be filed.

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that:

1. Defendants' motion [DE # 12] is **GRANTED**.

2. Plaintiffs' First Amended Complaint is **DISMISSED WITHOUT PREJUDICE** to re-file in accordance with this Order no later than **THIRTY (30) DAYS** after the date this Order is entered.

**DONE** and **SIGNED** in Chambers at West Palm Beach, Florida, this 5th day of January, 2012.

_____
Daniel T. K. Hurley
United States District Judge

*Copies provided to counsel of record*