UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-80800-CV-HURLEY/HOPKINS

**SANCTUARY SURGICAL CENTRE,
INC., et al.,**

    **Plaintiffs,**

v.

**CONNECTICUT GENERAL LIFE
INSURANCE COMPANY, INC., et al.,**

    **Defendants.**

_____/

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS'
MOTION TO DISMISS THE AMENDED COMPLAINT**

**THIS CAUSE** is before the Court upon Defendants' Motion to Dismiss Plaintiffs' Amended Complaint [ECF No. 31]. For the reasons to follow, the Court will grant in part and deny in part Defendants' motion.

**I.**

The facts relevant to the instant motion are essentially the same as those outlined in previous orders. *See* Order Granting Defendants' Motion to Dismiss [ECF No. 23]. In brief, Plaintiffs are four surgical centers and two medical service providers seeking to recover payment of benefits allegedly due under employer health benefits plans.[1] Defendants, Connecticut General Life Insurance Company, Inc., CIGNA Healthcare, Inc., and CIGNA Healthcare of Florida, Inc.

---

[1] The patients to whom coverage is allegedly owed assigned their benefits under the plans to Plaintiffs. Am. Compl. ¶¶ 61-64 [ECF No. 26 ]. The Court discusses these assignments in greater detail in Part III(B)(3)(i).

(collectively "CIGNA") collectively function as the insurer providing and administering coverage under the plans.

Plaintiffs performed a procedure known as "manipulation under anesthesia" ("MUA") on approximately 332 patients with CIGNA policies. Although CIGNA had previously provided coverage for MUAs by sending payment directly to Plaintiffs or the patients, CIGNA eventually began to deny coverage on the basis that the MUAs were unproven, experimental, investigational, not medically necessary, or otherwise not a covered service under the particular plan at issue[2] and therefore not entitled to coverage.

In the Amended Complaint, Plaintiffs assert five causes of action:

(1) wrongful denial of benefits under § 502(a)(1)(B) of the Employee Retirement income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B);

(2) breach of the fiduciary duties of loyalty and care under ERISA § 502(a)(3);

(3) failure to provide plan documents in violation of ERISA § 502(c);

(4) equitable estoppel under the common law of ERISA; and

(5) failure to provide full and fair review.

In the instant motion to dismiss, CIGNA challenges the complaint on multiple grounds. First, CIGNA argues that the entire complaint must be dismissed because Plaintiffs have not provided the plans at issue or cited specific plan terms with respect to each of the patients and MUAs at issue. CIGNA then challenges the sufficiency of the pleadings with respect to each of the individual claims.

---

[2]Plaintiffs' claims arise from a variety of different plans, and the MUAs at issue were administered to treat a variety of different conditions.

Upon review, the Court will grant CIGNA's motion to dismiss as to claims one and five and deny the motion as to each of the remaining claims.

## II.

This Court possesses federal subject-matter jurisdiction under 28 U.S.C. § 1331 because Plaintiffs' claims arise under ERISA, 29 U.S.C. § 1001 *et seq*. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in the Southern District of Florida.

## III.

Granting a motion to dismiss is appropriate when a complaint contains simply "a formulaic recitation of the elements of a cause of action." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). To survive a motion to dismiss, a complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence" in support of the claim and that plausibly suggest relief is appropriate. *Id.* On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party, and all facts alleged by the non-moving party are accepted as true. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986). Mere conclusory allegations, however, are not entitled to the assumption of truth. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1951 (2009). The threshold is "exceedingly low" for a complaint to survive a motion to dismiss for failure to state a claim upon which relief can be granted. *See Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985).[3]

---

[3] Because the Court is able to resolve Plaintiffs' claim asserting that CIGNA made a wrongful determination of medical necessity on procedural grounds, the Court declines to set forth the various

3

### A.    *Failure to Allege the Existence of an ERISA Plan*

CIGNA argues that the entire complaint must be dismissed because Plaintiffs have failed to establish the existence of the ERISA plans under which they sue merely by using four plan excerpts to generalize the variety of plan groups that are at issue with respect to the 332 individual claims. Plaintiffs respond that they have complied with the pleading requirements because they have provided sufficient information—specifically, the patient and group ID numbers, which is all of the information Plaintiffs use when submitting a claim—to raise the existence of the plans above a speculative level and to enable CIGNA to identify the specific plans at issue.

Having reviewed Plaintiffs' filings and bearing in mind that the factual allegations of a complaint must be assumed true for the purposes of a motion to dismiss, the Court concludes that Plaintiffs have sufficiently pleaded the existence of the plans and have sufficiently apprised CIGNA of the basis of their claims. According to the complaint, CIGNA routinely processes claims after Plaintiffs provide only the information on the patient's insurance card, which information has been reproduced in exhibits to the complaint. Am. Compl. ¶¶ 21-26 [ECF No. 26]. Given this fact, it is reasonable to expect that CIGNA should be able to identify the plans for the purpose of this litigation with the information that Plaintiffs have provided. In addition, Plaintiffs' allegation that the excerpted plans are representative of all the plans at issue must be accepted at this stage of the proceeding. *See Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1353 (11th Cir. 2009) (finding that "although [the plaintiffs] did not link any particular assignment to a

---

standards of review that might apply to these determinations at this time.

4

particular ERISA plan," they could still prevail by "demonstrat[ing] that the submitted assignments in the claim forms are representative of assignments [the plaintiffs] received."). The federal pleading standards do not "impose a probability requirement at the pleading stage" but rather "simply call[] for enough fact to raise a reasonable expectation that discovery will reveal evidence of" Plaintiffs' allegations. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295-96 (11th Cir. 2007). The Court finds that Plaintiffs have done so here.

Another district court in this circuit considered similar issues, recognizing that "to be able to defend against Plaintiffs' claims, Defendant will need to know which patients were on which plans and whether they were covered by ERISA." *Nat'l Renal Alliance, LLC v. Blue Cross & Blue Shield of Ga., Inc.*, 598 F. Supp. 2d 1344, 1361-62 (N.D. Ga. 2009). The court nevertheless did not require the plaintiffs to plead policy numbers or written assignments in the complaint because even without these details the plaintiffs had raised the right to relief beyond a speculative level. Similarly, in the instant case Plaintiffs have not provided every detail of the plans and plan terms but have alleged enough facts about the plans to raise the right to relief beyond mere speculation.

### B. *CIGNA's Challenges to the Individual Causes of Action*

CIGNA also challenges each of Plaintiffs' claims individually. Because they are interrelated, the Court will address Plaintiffs' claims one, four, and two for wrongful denial of benefits, equitable estoppel, and breach of fiduciary duty, respectively, together in this section. The Court will discuss Plaintiffs' remaining claims in the sections to follow.

#### 1. Claim One: Wrongful Denial of Benefits Under § 502(a)(1)(B)

With respect to Plaintiffs' first cause of action for wrongful denial of benefits under ERISA

§ 502(a)(1)(B), CIGNA argues that the claim must be dismissed because Plaintiffs have not alleged facts to support a finding that the MUAs at issue were covered services and specifically that they were medically necessary. Motion 11-12 [ECF No. 31]. The Court agrees with CIGNA that mere listing in the American Medical Association's Codebook of Reimbursable Procedures does not support a finding of medical necessity under the plans because the standards for listing in the Codebook do not necessarily correspond to the requirements for covered services under the plans and are not tailored to the specific conditions involved in the 332 claims at issue. *See Advanced Rehab., LLC v. United Health Group, Inc.*, No. 10-cv-00263 (DMC)(JAD), 2011 WL 995960 at *3 (D.N.J. Mar. 17, 2011) ("[T]he fact that a procedure may be medically necessary and be assigned a CPT code for one conditions shows nothing about its necessity or appropriateness for another").

Plaintiffs also attempt to allege medical necessity by reference to pre-authorizations. Am. Compl. ¶¶ 32-42 [ECF No. 26]. Plaintiffs cite four examples of the pre-authorization process under the plans that they allege are representative of the other plans at issue. *Id.* ¶ 38. However, Plaintiffs allege only that "*[w]hen required*, Plaintiffs complied [with] all of the [pre-authorization] procedures as outlined above." *Id.* ¶ 42 (emphasis added). Plaintiffs do not allege that the pre-authorization procedures were required in every case. Moreover, the excerpted plan language in three of the four plans refers only to pre-authorization being required for "certain services." *Id.* ¶ 37(a)-(c). In the fourth plan excerpt, the plan specifies that prior authorization is required for "outpatient facility services," *id.* ¶ 37(d), but Plaintiffs do not allege that the MUAs at issue fall within this category. While CIGNA's own pre-certification of the medical necessity of an MUA is a factual allegation that supports a finding of medical necessity, to the extent such a pre-authorization was not issued with

6

respect to each MUA at issue, Plaintiffs would have failed to allege facts supporting a finding of medical necessity.

Perhaps more importantly, this claim must be dismissed because Plaintiffs have improperly grouped disparate claims founded on separate transactions or occurrences together in violation of Fed. R. Civ. P. 10(b). Rule 10(b) states that, "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense." Here, Plaintiffs have grouped together over 332 different MUAs performed individually and presumably as part of distinct transactions. *See* 2d Am. Compl. Ex. A. [ECF No. 94-1]. To prove their entitlement to benefits, Plaintiffs would have to establish the medical necessity of each MUA with respect to each patient, which would require analysis of a vast array of distinct issues potentially under different legal standards. As a practical matter, it is impossible to evaluate the medical necessity of over 300 MUAs when grouped together in a single count, much less to grant relief on a single count encompassing more than 300 independent mixed questions of fact and law. Plaintiffs argue that "[t]he gravamen of [their] case lies not in the medical necessity of the procedures but in Defendants' repeated breaches of duty and inequitable conduct insomuch as they verified coverage for [each MUA] . . . and thereafter backpedaled and denied every single claim . . . ." Response 8 [ECF No. 32]. Aside from a narrow exception,[4] a claim for wrongful denial of benefits requires a plaintiff to establish that a denial of benefits was actually wrongful. Thus, even if CIGNA behaved inequitably, Plaintiffs could not recover without establishing that CIGNA wrongfully concluded that

---

[4]See *infra* Part III(B)(2).

7

the MUAs were medically unnecessary. Because Plaintiffs may not seek to accomplish this with respect to 332 independent MUAs in a single claim, the Court will dismiss claim one.

### 2. Claim Four: Equitable Estoppel Under § 502(a)(1)(B)

In addition to a claim based on a wrongful coverage determination, the Eleventh Circuit "has recognized a very narrow common law doctrine under Section 502(a)(1)(B) for equitable estoppel, which is available where the plaintiff can show that (1) the relevant provisions of the plan at issue are ambiguous, and (2) the plan provider or administrator has made representations to the plaintiff that constitute an informal interpretation of the ambiguity." *Jones v. Am. Gen. Life & Accident Ins. Co.*, 370 F.3d 1065, 1069 (11th Cir. 2004). To satisfy the second element, Plaintiffs rely on the pre-authorizations discussed above. The Court reads the Amended Complaint as alleging that CIGNA made an affirmative representation to Plaintiffs that at least some the MUAs at issue were covered services. This allegation is sufficient as to the MUAs that were the subject of pre-authorizations. However, to the extent that any of the MUAs Plaintiffs list were not pre-approved by CIGNA, Plaintiffs have failed to state a claim for equitable estoppel. Bearing this in mind, the Court will allow Plaintiffs' equitable estoppel claim to continue, but insofar as discovery reveals or the parties otherwise determine that any of the MUAs were not pre-authorized, Plaintiffs should amend their exhibits to the complaint such that only pre-authorized MUAs are included.

In addition, CIGNA argues that Plaintiffs have not satisfied the first element because they have failed to cite a specific ambiguity in the plans. A provision is ambiguous if "it can reasonably be construed in two different ways." *Wright v. Aetna Life Ins. Co.*, 110 F.3d 762, 763 (11th Cir. 1997); *Lee v. Blue Cross*, 10 F.3d 1547, 1549-51 (11th Cir. 1994). In response, Plaintiffs contend

that the plans are ambiguous as to medical necessity. Insofar as Plaintiffs allege that CIGNA granted pre-approvals that constitute an interpretation by CIGNA that the MUAs were medically necessary, this allegation supports a finding of ambiguity in light of the fact that CIGNA later interpreted the MUAs as *not* medically necessary. *See Waschak v. Acuity Brands, Inc. Senior Mgmt. Benefit Plan*, No. 1:07-CV-3121-TWT, 2009 WL 103622, *5 (N.D. Ga. Jan. 14, 2009); *see also Dahl-Eimers v. Mut. of Omaha Life Ins. Co.*, 986 F.2d 1379, 1381-82 (11th Cir. 1993) ("[D]iffering interpretations of the same provision is evidence of ambiguity . . . ."). On its own, this level of support may be enough to allow the equitable estoppel claim to proceed, but the Court notes that ambiguity turns sharply based on the particular language used, and because the plans are essential elements of Plaintiffs' claims, CIGNA would have been free to attach the plans of portions of the plans to the instant motion to dismiss to support of its argument that the term *medical necessity* is not ambiguous. *See, e.g.*, *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012).[5] However, because CIGNA has not done so, the Court finds that Plaintiffs have sufficiently pleaded their equitable estoppel claim and will deny this portion of the motion to dismiss.

### 3. Claim Two: Breach of Fiduciary Duties Under § 502(a)(3)

Under ERISA § 502(a)(3), "[a] civil action may be brought . . . by a participant, beneficiary, or fiduciary . . . to obtain other appropriate equitable relief" to redress ERISA violations. Plaintiffs allege that CIGNA violated ERISA § 404(a)[6] by "engaging in extensive dialogue with the Plaintiffs

---

[5]In addition, the definitions of *medical necessity* may vary between plans or plan groups, which may require further subdivision of claims.

[6]ERISA § 404(a) provides as follows:

9

prior to the Plaintiffs performing any MUAs, where the Plaintiffs confirmed that the MUAs were covered services . . . for which Plaintiffs would receive payment, and either verified coverage and/or issued pre-authorizations and/or pre-approvals for all MUA procedures." Am. Compl. ¶ 86 [ECF No. 26]. "A claim for breach of fiduciary duty under ERISA requires the plaintiff to prove: (1) that the defendant is a plan fiduciary; (2) that the defendant breached its fiduciary duty; and (3) that the breach resulted in harm to the plaintiff." *Kenseth v. Dean Health Plan, Inc.*, 610 F.3d 452, 464 (7th Cir. 2010). In its motion to dismiss, CIGNA argues that Plaintiffs cannot assert an action for breach of fiduciary duty (1) because Plaintiffs lack standing and (2) because breach of fiduciary duty claims are not cognizable if ERISA provides another remedy.

*(i)     Standing*

In accordance with Eleventh Circuit precedent, Plaintiffs argue that they have derivative standing to sue by virtue of written assignments from their patients who are beneficiaries under the plans. *Id.* ("[I]t is well-established in this and most other circuits that a healthcare provider may acquire derivative standing to sue under ERISA by obtaining a written assignment from a

---

(a) Prudent man standard of care

**(1)**   Subject to sections 1103(c) and (d), 1342, and 1344 of this title, a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and—

[. . .]

**(B)** with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims.

10

'participant' or 'beneficiary' of his right to payment of medical benefits."). CIGNA responds by arguing that the assignments, by their terms,[7] only conferred upon Plaintiffs the right to receive benefits and not a right to sue for breach of a fiduciary duty.

Assignments are ordinarily "interpreted or construed in accordance with the rules of construction governing contracts generally." 6A C.J.S. *Assignemnts* § 86. "The primary objective in construing an assignment is to ascertain and carry out the intention of the parties[, and] . . . [i]n order to better understand the intention of the parties the court may also consider surrounding circumstances, such as the object to be accomplished through the assignment, and the relations and conduct of the parties." *Id. See also*, *Buckeye Cellulose Corp. v. Sutton Const. Co., Inc.*, 907 F.2d 1090, 1093 (11th Cir. 1990). The Fifth Circuit's decision in *Texas Life, Accident, Health & Hospital Service Insurance Guaranty Ass'n v. Gaylord Entertainment Co.* articulates a more precise standard applicable to assignments of claims for breach of fiduciary duty under ERISA that requires such an assignment to be knowing and express. 105 F.3d 210 (5th Cir. 1997). Although Eleventh Circuit decisions do not appear to make this distinction, *see, e.g.*, *Anthem*, 591 F.3d at 1347; *Hobbs*, 276 F.3d at 1242, Plaintiffs have provided no cases that squarely address this issue.

Rather than resolve this difficult issue of law at this stage, the Court will deny this portion

---

[7]The assignments in the instant case provide as follows:

> I understand that I am responsible for all charges. As a courtesy, my insurance will be billed for me. It is my responsibility to pay any deductible, copay or any other balance not paid for by my insurance company. *I authorize insurance benefits to be paid directly to the provider.*

2d Am. Compl. ¶ 61 [ECF No. 94] (emphasis added).

of CIGNA's motion to dismiss for two reasons. First, the issues addressed in the following section present a more direct route to dismissal of the breach of fiduciary duty claim, which may render a conclusion on the scope and validity of the assignments unnecessary. Second, because the breach of fiduciary duty claim overlaps with the equitable estoppel claim, the Court sees no prejudice to CIGNA in allowing both claims to continue in parallel until such time as the Court can definitively determine whether the estoppel claim is unavailable so as to allow the breach of fiduciary duty claim to proceed. The Court discusses the interplay between the two claims in the following section.

### (ii) Whether a Breach of Fiduciary Duty Claim Is Cognizable

CIGNA's second objection focuses on § 502(a)(3)'s authorization of "*appropriate* equitable relief." (emphasis added). In interpreting this provision, the Supreme Court has noted that it "expect[s] that where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be 'appropriate.'" *Varity Corp. v. Howe*, 516 U.S. 489, 515 (1996). CIGNA argues that Plaintiffs' breach of fiduciary duty claim is merely a repackaged claim for wrongful denial of benefits pursuant to § 502(a)(1)(B) and must therefore be dismissed.

In *Varity*, the Court held that ERISA § 502(a)(3) authorized individualized equitable relief, and when it made the observation about what equitable relief would be "appropriate," it was in response to the following concern:

> Consider a plan administrator's decision not to pay for surgery on the ground that it falls outside the plan's coverage. At present, courts review such decisions with a degree of deference to the administrator, provided that "the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." But what will happen, ask *amici*, if a

>   beneficiary can repackage his or her "denial of benefits" claim as a claim for "breach of fiduciary duty?" Wouldn't a court, they ask, then have to forgo deference and hold the administrator to the "rigid level of conduct" expected of fiduciaries? And, as a consequence, would there not then be two "incompatible legal standards for courts hearing benefit claim disputes" depending upon whether the beneficiary claimed simply "denial of benefits," or a virtually identical "breach of fiduciary duty?"

*Varity*, 516 U.S. at 514 (internal citation omitted). In the instant case, assuming that CIGNA denied Plaintiffs' claims as not medically necessary and that the plans afford CIGNA broad discretion in making this determination, Plaintiffs might circumvent the deference with which the Court would evaluate CIGNA's decision simply by bringing their claim as one for breach of fiduciary duty. Instead of arguing that CIGNA wrongfully denied them benefits due under the plans in violation of ERISA § 502(a)(1)(B), Plaintiffs would argue that CIGNA breached its fiduciary duty of care by making an incorrect coverage determination.

In such a scenario, the Court would plainly be required to dismiss Plaintiffs' fiduciary duty claim under § 502(a)(3) as inappropriate because ERISA already provides a remedy for incorrect coverage determinations under § 502(a)(1)(B). However, such is not the case here. Plaintiffs' fiduciary duty claim is not premised on the notion that CIGNA incorrectly determined that the MUAs are not covered services. Rather, regardless of whether CIGNA correctly decided to deny coveraget, Plaintiffs' theory is that CIGNA breached its duty of care by representing through its pre-approvals that the MUAs were covered services when they would ultimately be denied.

While this claim is not merely a repackaged claim for benefits, however, it is duplicative of Plaintiffs' equitable estoppel claim described in Part III(B)(1)(ii). Because the Eleventh Circuit has recognized a "narrow common law doctrine under Section 502(a)(1)(B) for equitable estoppel,"

13

*Jones*, 370 F.3d at 1069, Plaintiffs "also ha[ve] a cause of action [under Section 502(a)(1)(B)], based on the same allegations" Plaintiffs assert in their claim for breach of fiduciary duties—i.e., that CIGNA carelessly represented that it would cover the MUAs via pre-approvals. *Id.* at 1073. This suggests that the breach of fiduciary duty claim may have to be dismissed in the future. However, in light of the fact that the Court has not yet been able to make a final determination of whether the plans at issue feature the requisite ambiguity to state an equitable estoppel claim, the Court views it as premature to dismiss the breach of fiduciary duty claim at this time. Thus, the Court will deny the motion to dismiss with respect to the breach of fiduciary duty claim without prejudice for this basis for dismissal to be reasserted pending a final determination on the ambiguity issue in claim four.[8] If Plaintiffs can state an equitable estoppel claim, the breach of fiduciary duty claim will be dismissed in light of the existence of an alternative appropriate remedy. If, however, Plaintiffs' equitable estoppel claim is dismissed for failure to state a claim, Plaintiffs' claim for breach of fiduciary duty would not be duplicative and would therefore be permissible under ERISA.

Finally, the Court notes that the Supreme Court has "interpreted the term 'appropriate equitable relief' in § 502(a)(3) as referring to 'those categories of relief' that, traditionally speaking (*i.e.*, prior to the merger of law and equity) 'were *typically* available in equity.'" *CIGNA Corp. v.*

---

[8]The Court further notes that the Supreme Court has "interpreted the term 'appropriate equitable relief' in § 502(a)(3) as referring to 'those categories of relief' that, traditionally speaking (*i.e.*, prior to the merger of law and equity) 'were *typically* available in equity.'" *CIGNA Corp. v. Amara*, 131 S. Ct. 1866, 1878 (2011) (quoting *Sereboff v. Mid Atl. Med. Servs., Inc.*, 547 U.S. 356, 361 (2006) (internal quotations omitted)). Thus, to the extent the breach of fiduciary duty claim ultimately proceeds, the Court would only allow relief of the type that is typically available in equity. Going forward, the parties must be prepared to specify the precise relief sought for this claim and whether that relief is appropriate under *Amara*.

*Amara*, 131 S. Ct. 1866, 1878 (2011) (quoting *Sereboff v. Mid Atl. Med. Servs., Inc.*, 547 U.S. 356, 361 (2006) (internal quotations omitted)). Thus, to the extent the breach of fiduciary duty claim ultimately proceeds, the Court would only allow relief of the type that was typically available in equity. Going forward, the parties must be prepared to specify the precise relief sought for this claim and whether that relief is appropriate under *Amara*.

### C.     Claim Three: Failure to Provide Plan Documents

CIGNA seeks to dismiss Plaintiffs' claim three for failure to provide plan documents because (1) CIGNA is not the plan administrator and because (2) Plaintiffs have not been assigned the right to obtain plan documents from plan administrators. Section 104(b)(4) requires that "*the administrator* . . . furnish a copy of the latest updated summary plan description" to any participant or beneficiary upon written request. 29 U.S.C. § 1024(b)(4) (emphasis added).

In response, Plaintiffs argue that CIGNA is a de facto plan administrator under *Rosen v. RRW, Inc.*, 979 F.2d 191, 192 (11th Cir. 1992), because the actual plan administrators have delegated their duties to CIGNA. Response 20-21 [ECF No. 32]. However, "where a plaintiff has sought to hold a third-party administrative services provider liable, rather than the employer, [the Eleventh Circuit has] rejected the *de facto* plan administrator doctrine." *Oliver v. Coca Cola Co.*, 497 F.3d 1181, 1195 (11th Cir. 2007), *vacated in part on other grounds*, 506 F.3d 1316 (11th Cir. 2006), *reaffirmed in part*, 546 F.3d 1353 (11th Cir. 2008). The *Oliver* court reached this conclusion "particularly in light of the fact that the *employer* made the final determination as to eligibility." *Id.* Thus, under *Oliver*, it is unclear whether third-party administrative service providers are excluded *per se* from the de facto plan administrator doctrine or if they are only excluded when they do not

15

actually make final coverage determinations.

Rather than resolve this issue with limited guidance, the Court finds that CIGNA is not liable as a de facto plan administrator so long as the employers made the final coverage determinations. This is a factual question that the Court cannot resolve on the instant motion. CIGNA also argues that the claim for failure to provide plan documents must be dismissed because Plaintiffs have not been assigned the beneficiaries' rights to make such a demand. For the same reasons discussed Part III(B)(3)(i), the Court will not dismiss claim three on the basis of standing at this time. CIGNA's motion is therefore denied as to claim three.

### D.     *Claim Five:  Failure to Provide Full & Fair Review*

As their fifth cause of action, Plaintiffs assert a claim for failure to provide full and fair review pursuant to ERISA § 502(a)(3). "[F]ailures to provide 'full and fair review' . . . do not usually lead to a claim for damages . . . ." *Love v. Dell, Inc.*, 551 F.3d 333, 338 (5th Cir. 2008). Rather, "the remedy for a violation . . . is to remand to the plan administrator so the claimant gets the benefit of a full and fair review." *Syed v. Hercules Inc.*, 215 F.3d 155, 162 (3d Cir. 2000). However, Plaintiffs do not request this relief, instead seeking declaratory judgment and various prospective injunctive remedies, in addition to seeking damages resulting from the denial of benefits as to the same claims for which CIGNA allegedly failed to proved full and fair review. For this reason, the Court will dismiss Plaintiffs' claim for failure to provide full and fair review unless Plaintiffs elect to seek remand to the plan administrator in order to receive a full and fair review. Absent a request for this remedy, the Court will dismiss this claim.

Order Granting in Part and Denying in Part Defendants' Motion to Dismiss the Amended Complaint
Sanctuary Surgical Centre, Inc. v. Connecticut General Life Insurance, Inc.
Case No. 11-cv-80800-DTKH

## CONCLUSION

For the reasons given, it is hereby **ORDERED** and **ADJUDGED** that:

1. CIGNA's Motion to Dismiss the Plaintiffs' Amended Complaint [ECF No. 31] is **GRANTED IN PART** and **DENIED IN PART**.

2. The motion is **GRANTED** with respect to claim one for wrongful denial of benefits under ERISA § 502(a)(1)(B) and claim five for failure to provide full and fair review. Claims one and five are **DISMISSED**.

3. The motion is **DENIED** with respect to claims two, three, and four, which are permitted to continue.

4. CIGNA shall file an answer to the Amended Complaint no later than **FIFTEEN (15) DAYS** after the date this Order is entered.

**DONE** and **SIGNED** in Chambers at West Palm Beach, Florida, this 1st day of November, 2012.

                                                Daniel T. K. Hurley
                                                United States District Judge

*Copies provided to counsel of record*